

Filed Under Seal

## IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*15a 248*

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. _____ |
| | |
| v. | : DATE FILED: ____JUN 11 2015 |
| | |
| TREVOR SUMMERS | : VIOLATIONS: |
| JONATHAN SNYDER | 18 U.S.C. § 371 (conspiracy) |
| | : 18 U.S.C. § 1343 (wire fraud - 3 counts) |
| | 18 U.S.C. § 2 (aiding and abetting) |
| | : Notice of forfeiture |

## INDICTMENT

## COUNT ONE

### (Conspiracy)

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

### BACKGROUND

1.      Defendants TREVOR SUMMERS and JONATHAN SNYDER operated StrawAds, Inc. ("StrawAds"), a company defendants SUMMERS and SNYDER said was in the business of printing advertisements on drinking straws for commercial clients.

2.      Defendants TREVOR SUMMERS and JONATHAN SNYDER operated Resound, LLC ("Resound"), a company defendants SUMMERS and SNYDER said held the patents for the printing process that StrawAds used, and received a licensing fee from StrawAds.

### THE CONSPIRACY

3.      From in or about February 2010 to in or about December 2011, defendants

### TREVOR SUMMERS and
### JONATHAN SNYDER

conspired and agreed, together and with others known and unknown to the Grand Jury, to commit

offenses against the United States, that is, to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and to use wire transmissions in interstate commerce to further the scheme to defraud, in violation of Title 18, United States Code, Section 1343.

## MANNER AND MEANS

It was part of the conspiracy that:

4.      Defendants TREVOR SUMMERS and JONATHAN SNYDER solicited investments in their two companies, StrawAds and Resound, by falsely claiming that:

a.      Resound owned patents for the process that StrawAds used to print advertisements on drinking straws;

b.      StrawAds owned the machinery that the company used to print advertisements on drinking straws; and

c.      StrawAds had substantial sales including a million-dollar sales contract with a nationwide storage company.

5.      Defendants TREVOR SUMMERS and JONATHAN SNYDER concealed from the StrawAds and Resound investors that the companies held no patents, owned no machinery, had minimal sales, and had fabricated the million-dollar contract used to solicit investors.

6.      Using this scheme, defendants TREVOR SUMMERS and JONATHAN SNYDER fraudulently induced more than $300,000 in investment in StrawAds and Resound.

## OVERT ACTS

In furtherance of the conspiracy, defendants TREVOR SUMMERS and JONATHAN SNYDER, committed the following overt acts in the Eastern District of

Pennsylvania and elsewhere:

       1.     On or about May 10, 2010, defendants TREVOR SUMMERS and

JONATHAN SNYDER provided K.F., an individual known to the Grand Jury, a copy of a

purported sales report entitled StrawAds Customer Tracking List, which falsely stated that

StrawAds had secured a sales contract with a nationwide storage company, when SUMMERS and

SNYDER well knew that no such contract existed.

       2.     On or about August 31, 2010, defendants TREVOR SUMMERS and

JONATHAN SNYDER provided victim J.C. a copy of an Offering Memorandum for Resound

which falsely stated that Resound "has patented the process by which food grade contact

substances can be applied to drinking straws for distribution in business," when SUMMERS and

SNYDER well knew that Resound held no patents.

       3.     On or about, November 10, 2010, defendant TREVOR SUMMERS sent an

email to victim B.M. in Georgia, falsely stating that StrawAds owned four machines used to print

advertising on drinking straws, and held two patents for the process used to print advertisements

on drinking straws, when SUMMERS well knew that StawAds owned no machinery and Resound

held no patents.

       In violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH FOUR

### (Wire Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 and 2 of Count One are incorporated here.

### THE SCHEME

2.      From in or about February 2010 to in or about December 2011, in the Eastern District of Pennsylvania and elsewhere, defendants

**TREVOR SUMMERS and
JONATHAN SNYDER,**

knowingly devised and executed a scheme to defraud, and to obtain monies through false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

3.      Paragraphs 4 through 6, and Overt Acts 1 through 3 of Count One are incorporated here.

4.      On or about the dates listed below, in the Eastern District of Pennsylvania and elsewhere, defendants

**TREVOR SUMMERS and
JONATHAN SNYDER,**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE (On or About) | DESCRIPTION OF WIRE |
|---|---|---|
| One | September 22, 2010 | Interstate wire transfer from victim J.C. from Wachovia Bank to TD Bank in the amount of approximately $110,000. |
| Two | October 26, 2010 | Interstate wire transfer from victim B.M. from Wells Fargo Bank to Bryn Mawr Trust in the amount of approximately $50,000. |
| Three | November 17, 2010 | Interstate wire transfer from victim P.D. from Westamerica Bank to Bryn Mawr Trust in the amount of approximately $15,000. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

        1.     As a result of the violations of Title 18, United States Code, Section 1343 set forth in this indictment, defendants

**TREVOR SUMMERS and
JONATHAN SNYDER,**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such offenses, including the sum of up to approximately $345,000.

        2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the Court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

_____
**ZANE DAVID MEMEGER**
**United States Attorney**